**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| TIMOTHY R. PETROZZI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-2334 (UNA) |
| ) | |
| MURIEL BOWSER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on initial review of plaintiff's application for leave to proceed *in forma pauperis*, ECF No. 2, and *pro se* complaint, ECF No. 1.  The Court will grant the *in forma pauperis* application and dismiss the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a).  It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer, mount an adequate defense, and determine

whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

The complaint begins with a description of Plaintiff's encounter at a public library with another patron and his dissatisfaction with the responses of library staff and Metropolitan Police Department officers to his complaints. *See* Compl. at 3-4. From this point forward, the complaint is largely unintelligible. *See generally id*. at 4-14. Equally unintelligible is Plaintiff's demand for "Expunging the complete record of [him]." *Id*. at 15.

As drafted, the complaint fails to meet the minimal pleading standard set forth in Rule 8(a), as it does not contain a short and plain statement showing plaintiff's entitlement to relief. There are far too few cogent factual allegations to make out a plausible legal claim, and no defendant has proper notice of the claim(s) plaintiff is bringing.

An Order is issued separately.


DATE: September 2, 2025                            /s/
                                                   JIA M. COBB
                                                   United States District Judge